IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN J. GRAHAM,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-5004 |
| | : | |
| TOWN SPORTS<br>INTERNATIONAL, *et al.*,<br>　　Defendants. | :<br>:<br>: | |

**MEMORANDUM**

**BEETLESTONE, J.**　　　　　　　　　　　　　　　　　　　　　　　　　**NOVEMBER 26 2018**

FILED
NOV 27 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

*Pro se* Plaintiff Dawn J. Graham filed this civil action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-63, against Town Sports International, General Manager Dodd Stocker Edwards, and Edward Gonzalez. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Appointment of Attorney (ECF No. 3). For the following reasons, the Court will grant Graham leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and deny her Motion for Appointment of Attorney at this time.

I.　FACTS

Graham used this Court's form complaint for filing an employment discrimination suit to initiate this action. As noted above, she asserts that she is pursuing claims pursuant to the ADEA and the PHRA. (Compl. at 3.)[1] By checking the appropriate locations on the form, Graham states that the Defendants discriminated against her by failing to hire her and by "refus[ing] to provide information on information used from a pre-employment background check also." (*Id.*

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

at 4-5.) She alleges that the Defendants discriminated against her based on her gender and age. (*Id.* at 5.) Given that Graham states that the Defendants discriminated against her based on her gender, her Complaint could also be liberally construed to assert claims under Title VII.

For the facts of her case, Graham states as follows:

> During the interview, the General Manager-Mr. Edwards asked me "How old are you?" He stated-"I will call you on Monday, May 21, with a schedule." When I had not heard from him, I called him and I was asked-"Did you ever work here . . . under a different name?" then sent an email stating and verbally verified that I was "ineligible for hire." While I asked for more information to dispute inaccurate information that was provided from the background check, I was ignored.
>
> I was interviewed again by Edward Gonzalez because Mr. Edwards was terminated—offered employment. No contact again after interview 10-25-2018.

(*Id.* at 5.) Graham states that she received a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on September 10, 2018. (*Id.* at 6; *see id.* at 8.) As relief, Graham asks that the Court grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Graham leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

2

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Graham is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.

3

1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts").

Here, Graham has not alleged any facts supporting her conclusory allegations that the Defendants discriminated against her. While Graham has indicated that the Defendants discriminated against her based upon her age and gender by not hiring her, she has not explained how she was discriminated against because of those characteristics. Because the Complaint does not contain anything more than conclusory allegations of discrimination, Graham has failed to state claims pursuant to Title VII, the ADEA, and the PHRA at this time. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Graham leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Graham's right to file an amended complaint in the event she can cure the defects noted above. Graham's

---

[2] As noted above, Graham named Dodd Stocker Edwards and Edward Gonzalez, both of whom were employees of Town Sports International during the time in question, as Defendants in this matter. The United States Court of Appeals for the Third Circuit has held, however, that employees are not individually liable under Title VII and the ADEA. *See Muhammad v. Sillis Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996).

The Court recognizes that section 955(e) of the PHRA forbids "any person, employer, employment agency, labor organization or employe[e], to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . . ." 43 Pa. Cons. Stat. § 955(e). Therefore, "individual supervisory employee[s] can be held liable under an aiding and abetting accomplice liability theory . . . for [their] own direct act[s] of discrimination or for [their] failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998). However, the Court cannot discern whether Graham is seeking to hold Edwards and Gonzalez liable under this section of the PHRA, and if so, on what basis she seeks to hold them liable.

Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**